UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN LEROY TYLER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:25-cv-01216-JSD |
| CHRIS BREWER, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by state-court prisoner Melvin Tyler. [Doc. 1]. Petitioner also filed a motion to proceed *in forma pauperis*. [Doc. 3]. Based on the motion and financial information submitted in support, the Court finds that Petitioner is unable to pay the filing fee in this matter. The motion to proceed *in forma pauperis* will be granted and the filing fee will be waived. However, Petitioner is well-known to this Court as a repeat § 2254 filer. He has filed multiple petitions challenging the same state-court conviction that he challenges here. Because this § 2254 habeas case is successive and Petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a second or successive petition, his instant petition will be denied and dismissed. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly, Petitioner's motion for appointment of counsel will be denied as moot.

Petitioner is warned that the filing of frivolous lawsuits is an abuse of the litigation process. Petitioner is advised that if he continues to file such lawsuits the Court may impose restrictions on his ability to file suits, including the denial of his ability to proceed *in forma*

*pauperis* in the Court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *In re Tyler,* 839 F.2d 1290, 1291-92 (8th Cir. 1988).

## Background

Petitioner is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri. Based on the information provided in the petition (Doc. 1) and an independent review of Missouri Case.net, the State of Missouri's online docketing system, Petitioner is challenging a 1978 conviction out of the City of St. Louis, Missouri, on two counts of first-degree robbery by means of a deadly weapon, two counts of assault with intent to commit rape without malice aforethought, and armed criminal action. *State v. Tyler*, 622 S.W.2d 379, 382 (Mo. Ct. App. 1981). Petitioner was sentenced to fifty years on each robbery count, five years on each assault count, and fifty years for the armed criminal action count. All terms were ordered to be served consecutively. *Id.* Later, the Missouri Court of Appeals reversed Tyler's armed criminal action conviction based on double jeopardy. *Id.* at 387. The judgment was affirmed in all other respects. *Id.*; *see also* [Doc. 1 at 1-3].

After the state appellate court ruling, Petitioner made multiple attempts to challenge his 1978 City of St. Louis conviction. He unsuccessfully sought postconviction relief in state court. *See Tyler v. State*, 18 S.W.3d 117 (Mo. Ct. App. 2000); *State v. Tyler*, 103 S.W.3d 245 (Mo. Ct. App. 2003); *Tyler v. State*, 111 S.W.3d 495 (Mo. Ct. App. 2003); *Tyler v. State*, 229 S.W.3d 103 (Mo. Ct. App. 2007); and *Tyler v. State*, 292 S.W.3d 338 (Mo. Ct. App. 2009). He filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the district court denied. *See Tyler v. Armontrout*, 917 F.2d 1138 (8th Cir. 1990). The Court of Appeals subsequently affirmed the denial in all respects. *Id.* at 1143. Finally, Petitioner made many other attempts to seek habeas relief in federal court, all to no avail. *See Tyler v.*

2

*Purkett*, 26 F.3d 127, 1994 WL 281821 (8th Cir. 1994) (unpublished opinion) (noting that the § 2254 petition at issue was "not the first habeas petition filed by [Tyler] for the purpose of challenging these convictions … It is either the fifth or sixth such petition"); *Tyler v. Crawford*, No. 4:08-cv-116-MLM (E.D. Mo. 2008) (Petitioner and three others' joint § 2254 petition was denied and dismissed as an unauthorized successive petition), *certificate denied on appeal*, No. 08-2323 (8th Cir. 2008); *Morales v. Ramey*, No. 4:19-cv-1791-CDP (E.D. Mo. 2019) (Petitioner and other's joint § 2254 petition denied and dismissed as an unauthorized successive petition), *certificate denied on appeal*, No. 19-3456 (8th Cir. 2019); *Tyler v. Ramey*, No. 4:20-cv-787-PLC (E.D. Mo. 2000) (same); *Tyler v. Korneman*, No. 4:24-cv-329-SPM (E.D. Mo. 20214) (same), *certificate denied on appeal*, No. 24-2251 (8th Cir. 2024).

## Instant § 2254 Petition

In the § 2254 petition currently before the Court, Petitioner challenges his 1978 City of St. Louis conviction on the ground that his Missouri court judgment was void because it was not signed by the judge. [Doc. 1 at 3-8]. Petitioner states that he made the Missouri Supreme Court aware of this deficiency, but he received no relief. [*Id.* at 3-5]. According to Petitioner, this amounts to a jurisdictional defect that requires his judgment be "stricken." [*Id.* at 6-7].

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

3

28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition").

Petitioner here has filed numerous prior petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge the conviction he challenges in the instant petition. As such, it plainly appears that Petitioner is not entitled to relief because his petition is a second or successive application. To the extent Petitioner seeks to relitigate a claim that he brought in a prior petition denied on the merits, his claim must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks to bring a new claim for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing that claim to this Court. 28 U.S.C. § 2244(b)(3)(A). There is no evidence in the record that Petitioner has sought or received such permission. Therefore, because Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals, this petition must be denied and dismissed as successive. *Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

Finally, the Court has considered whether to issue a certificate of appealability. In order to do so, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues

4

differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner herein has made no such showing. Therefore, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 [Doc. 1] is **DENIED and DISMISSED as successive**.

**IT IS FURTHER ORDERED** that Petitioner's Motion For Appointment of Counsel [Doc. 2] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of December, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE